IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRITZ GERALD FRENCH, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 4:CV-04-1116 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| JOHN ASHCROFT, et al., | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM AND ORDER

June 1, 2005

Fritz Gerald French ("French"), a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), confined in the York County Prison, York, Pennsylvania, filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He claims his continued detention violates his substantive and procedural due process rights under the United States Constitution. Based on Zadvydas v. Davis, 533 U.S. 678 (2001), the Court will refer the petition to the ICE as a request for review under 8 C.F.R. § § 241.4 and 241.13.

## Background

French, a native and citizen of Haiti, was admitted into the United States at New York, New York, on February 15, 1974, as an SA-1 immigrant. (Rec. Doc. 7,

Ex. A, Notice to Appear).  On January 6, 1997, he pled guilty in the United States District Court for the Eastern District of Pennsylvania, to the offense of Possession of Hardware and Software used for altering Telecommunications Instruments, in violation of 18 U.S.C. § 1029(a)(6).  (Rec. Doc. 7, Ex. B, Criminal Judgment).  He was sentenced to a four (4) month term of imprisonment, followed by 3 years of supervised release.  Id.

In a Notice to Appear dated April 28, 1997, Petitioner was charged with removability pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined by 101(a)(43) of the Act.   (Rec. Doc. 7, Ex. A, Notice to Appear).

On March 23, 1999, the Immigration Judge ordered the removal proceedings terminated, finding that Petitioner had not committed an aggravated felony.  (Rec. Doc. 7, Ex. C, Decision of Board of Immigration Appeals).  The former Immigration and Naturalization Service filed an appeal.  On November 23, 1999, the Board of Immigration Appeals ("BIA") determined that Petitioner had been convicted of an aggravated felony and ordered Petitioner removed from the United States.  Id.  Petitioner then filed a motion to remand the proceedings to the Immigration Judge to apply for asylum.  Id.  The BIA granted Petitioner's unopposed motion, ordered the

2

record reopened, and remanded the proceedings back to the Immigration Judge.  Id.

While on bond, Petitioner was convicted in the Superior Court of New Jersey of Receiving Stolen Property in violation of N. J. Stat.. § 2C:20-7.  (Rec. Doc. 7, Ex. D, Additional Charges of Inadmissability/Deportability).

On December 13, 2001, the Immigration Judge denied Petitioner's request for a change in custody status, finding that Petitioner was subject to mandatory detention under section 236(c)(1)(B) of the Immigration Act.  (Rec. Doc. 7, Ex. E, Order). Petitioner again filed for a request in custody status.  On February 14, 2002 the Immigration Judge granted Petitioner's request for change of custody and ordered Petitioner released under $10,000 bond.  (Rec. Doc. 7, Ex. F, Order).

On January 18, 2004, Petitioner was arrested by the Philadelphia Police on charges of aggravated assault.  (Rec. Doc. 7, Ex. G, Custody Report).  On February 2, 2004, ICE took Petitioner into custody.  By Order dated August 9, 2004, petitioner's application for asylum was denied and the Immigration Judge found petitioner removable as charged.

Petitioner filed the instant Petition for Writ of Habeas Corpus in which he alleges that his prolonged detention in ICE custody while awaiting deportation, or

release, violates his substantive and procedural due process rights under the United States Constitution.  Based on Zadvydas v. Davis, 533 U.S. 678 (2001), the Court will refer the petition to the ICE as a request for review under 8 C.F.R. §§ 241.4 and 241.13.

**Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii)   If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) and (6).

The issue of whether § 1231(a)(6) authorizes the Attorney General to detain a

4

removable alien indefinitely beyond the 90 day removal period or only for a period reasonably necessary to effectuate the alien's deportation has been resolved by the Supreme Court in Zadvydas, 533 U.S. 678, 121 S.Ct. 2491 (2001). Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 2498. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 2503. To establish uniformity in the federal courts, the court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 2505. The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. The Court stated that not every alien must be released after 6 months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

  Following the Supreme Court's decision in Zadvydas, regulations have been

promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the 90 day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(l)(I). When release is denied pending removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the ICE Headquarters Post-order Detention Unit (HQPDU) for further custody review. 8 C.F.R. § 241.4(k)(l)(ii). There is no indication in the record that Petitioner has had such a review or that his case has been transferred to the HQPDU.

Thus, inasmuch as Petitioner herein challenges his continued detention by filing a petition for writ of habeas corpus under section 2241, is beyond the 90 day mandatory detention period, and there is no indication that he has had a custody review by either the district director or the HQPDU, Respondents are instructed to treat, as of this date, the petition as a request for release under 8 C.F.R. 241.13. Section 241.13: establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the

country to which he...was ordered removed...in the reasonably foreseeable future. 8 C.F.R. § 241.13(a). The ICE shall respond to the request within 30 days. Having referred the matter to the government for disposition under existing review procedures, the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS HEREBY ORDERED THAT:**

1. Respondents are directed to treat, as of the date of this Order, the instant Petition for Writ of Habeas Corpus as a request for release under 8 C.F.R. § 241.4 and 241.13. The ICE shall respond to the request within 30 days.

2. The Petition for Writ of Habeas Corpus (Rec. Doc.1) is DISMISSED without prejudice.

3. The Clerk of Court is directed to CLOSE this case.

                                              s/ John E. Jones III
                                              John E. Jones III
                                              United States District Judge